PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

E-FILED
Friday, 06 October, 2006 01:13:26 PM
Clerk, U.S. District Court, ILCD

06-4066

| UNITED STATES DISTRICT COURT | District | Central District of Illinois At Rock Island |
|---|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Mario R. Lendos | 13334-026 | 4:04-CR-40066-MMM |

Place of Confinement
Federal Correctional Institution, 1900 Simler Avenue, Big Spring, Texas 79720

UNITED STATES OF AMERICA V. MARIO R. LENDOS

(name under which convicted)

FILED
OCT 6 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MOTION

1. Name and location of court which entered the judgment of conviction under attack  U.S. District Court for the Central District of Illinois, At Rock Island, 40 United States Courthouse, 211 19th Street, Rock Island, Illinois, 61201.

2. Date of judgment of conviction  September 22, 2006.

3. Length of sentence  175 Months.

4. Nature of offense involved (all counts)  Count One: Conspiracy with Intent to Distribute and Posses at Least One Kilogram of Heroin in violation of Title 21 U.S.C. §§ 846 & 841(a)(1) and 841(b)(1)(A); Count Two: Possession with Intent to Distribute at Least One Kilogram of Heroin in violation of Title 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A).

5. What was your plea? (Check one)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury   N/A  ☐
    (b) Judge only  N/A  ☐

7. Did you testify at the trial?
   Yes ☐  N/A  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

9. If you did appeal, answer the following:

    (a) Name of court __N/A__

    (b) Result __N/A__

    (c) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐  **N/A**  No ☐

    (5) Result __N/A__

    (6) Date of result __N/A__

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  **N/A**  No ☐

(5) Result _____**N/A**_____

(6) Date of result __**N/A**_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.  **N/A**  Yes ☐   No ☐
(2) Second petition, etc. **N/A**  Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:  <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b) Conviction obtained by use of coerced confession.

GROUND ONE: **INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF MY SIXTH AMENDMENT RIGHTS TO THE CONSTITUTION OF THE UNITED STATES OF AMREICA**

SUPPORTING FACTS: My Attorney, Mr. Steven W. Hanna, was ineffective for failing to properly consult with me about filing my direct appeal at my Sentencing Hearing, and thereafter, refusing to file my direct appeal in direct defiance of my requests to do to. See Petitioner's Exhibits "A"-"B"-"C" and "D" Declaration's of Mario R. Lendos; Esperanza Quintallia; Cindy Manzano and Rafael Arostico in support thereof, respectively.

At my Sentencing Hearing of September 22, 2005, "[I] looked to Mr. Hanna in disbelief" when the Judge sentenced me to "[o]ne-hundred and seventy-five (175) months." Id. Exhibit "A" at 3, ¶ 8. However, Mr. Hanna "[j]ust froze" and the Judge "[t]hen said that I had a right to appeal and that Mr. Hanna had an absolute responsibility to file a Notice of Appeal for me." Id. However, Mr. Hanna "[j]ust turned and walked away" and "[d]id not say anything." Id.

I then "[t]ried for a couple of days after my September 22, 2005, Sentencing Hearing to call Mr. Hanna to find out about my direct appeal." Id. at ¶ 9. However, "[M]r. Hanna's phone was blocked from accepting my collect calls." Id. I "[t]hen called my Mother, Mrs. Esperanza Quintanilla, and told her to call Mr. Hanna to find out about filing my direct appeal." Id. at 4, ¶ 9. I "[t]old her to ask Mr. Hanna about what we could do to lower my sentence back to the eighty-seven (87) to one-hundred and eight (108) month sentencing exposure we had discussed previously." Id.

My Mother "[u]ltimately made two (2) telephone calls to Mr. Hanna, with the help of Ms. Cindy Manzano" to interpret between English and Spanish for her. Id. Exhibit "B" Declaration of Esperanza Quintanilla at 2, ¶ 7. See also, Exhibit "C" Declaration of Cindy Manzano at 2, ¶ 5. There, "[M]r. Hanna explained that he was unable to do [my] case, that there was no more actions in my [] case, and the matter was complicated." Id. Exhibit "B" at 2, ¶ 7 and Exhibit "C" at 2, ¶ 5. My Mother then "[e]xpressed [her] intent at that point, to hire another attorney." Id. However, "[M]r. Hanna explained it would be a waste of [her] money, but it was [her] decision to make." Id.

I "[a]lso called Mr. Rafael Arostico, at around this same time frame" and "[t]old him [] to call Mr. Hanna and get any information he could about what we were going to do about my direct appeal." Id. Exhibit "A" at 4, ¶ 10. Mr. Arostico contacted "[M]r. Hanna by telephone" and "[s]pecifically asked Mr. Hanna about appealing [my] case[.]" Id. Exhibit "D" Declaration of Rafael Arostico at 2, ¶ 5. There, "[M]r. Hanna responded that he had done everything he could, but that [I] had no possibility for appeal." Id.

Mr. Hanna also told Mr. Arostico that "[h]e thought that there was nothing else that could be done in [my] case. Mr. Hanna was adamant, in that he further stated if [they] wanted to waste [their] money by filing a direct appeal for [me,] it was on [them] to hire another attorney for appeal." Id.

Based on the foregoing, I therefore respectfully submit that Mr. Hanna was ineffective for failing to properly consult with me about filing my direct appeal, and thereafter, refusing to file my direct appeal in defiance of my requests to do so. Pursuant to Roe v. Flores-Ortega, 528 U.S. 470, 145 L.Ed.2d 985, 120 S.Ct. 1029 (2000), a pro se indigent defendant does not have to demonstrate the hypothetically merits of an appeal to prevail on an ineffective assistance of counsel claim. This modified prejudice rule was expressly held where the Court stated: "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. 528 U.S.C. at 480, (parenthesis in original).

Here, I submit that the facts of my case mirror either of Flores-Ortegas' prerequisites. First, Mr. Hanna failed in his "[c]onstitutionally-imposed duty to consult with" me, at my Sentencing Hearing, or theafter. Id. Second, Mr. Hanna patently defied my requests to file my direct appeal where I "[r]easonably demonstrated to" him that I "[w]as interested in appealing" (id.), through my Mother, Ms. Manzano, and Mr. Arostico expressly telling him so. Id. Exhibits "A"-"B"-"C" and "D".

In the end analysis, the Flores-Ortega Court explicitly held that prejudice was presumed in these types of cases, if only because the defendant has been actually or constructively denied the assistance of counsel altogether, as opposed to a mere finding that counsel performed poorly, which obviated the need to establish Strickland's second "prejudice" prong. Id. Strickland v. Washington, 466 U.S. 669 (1984). Specifically, the Court held: "[w]hen counsel fails to file a requested appeal, a defendant is entitled to a [a new] appeal without showing that his appeal would likely have had merit." Id. Flores-Ortega, 528 U.S.C. at 477, (citations omitted)(brackets in original).

Accordingly, I am therefore respectfully requesting that my direct appeal rights be reinstated. An evidentiary hearing is obviously warranted in my case for credibility determinations and proper findings of fact. In that regard, I attest hereto, "[t]hat but for Mr. Hanna's failure to file my direct appeal, I would have appealed my sentence to the Seventh Circuit Court of Appeals." Id. Exhibit "A" at 4-5, ¶ 12.

GROUND TWO:  INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MY SIXTH AMENDMENT RIGHTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA

SUPPORTING FACTS: Assuming *arguendo* otherwise, my Attorney, Mr. Steven W. Hanna, was ineffective for, *sua sponte*, withdrawing my Minimal Participation and Safety Valve departures at my Sentencing Hearing, in the face of unproven Obstruction of Justice charges, which were ultimately found under the preponderance of evidence standard, all of which resulted in a sentence exceeding the maximum sentence allowed under the facts admitted to by my person in my plea agreement. I was therefore entitled to a jury trial on the Obstruction of Justice charge in light of *Booker*, for proper findings under the beyond a reasonable doubt standard. *Id*. *Booker v. Washington*, 543 U.S. ___, 160 L.Ed.2d 621, 125 S.Ct. ___, (2005).

    I respectfully submit that the fact that I agreed as part of my plea agreement to be sentenced under the United States Sentencing Guidelines, did not expressly constitute a consent to judicial factfinding on my part, in violation of *Booker*. Indeed, "[A]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. *Booker*, 160 L.Ed.2d at 650.

    My case is especially egregious; in light of *Booker*, if only because the judicial fact found that I obstructed justice, further divested me of the reduction of three (3) Base Offense Level points for acceptance of responsibility and remorse, and, *sub-silentio*, denied my eligibility for a Safety Valve reduction, regardless of Mr. Hanna's withdrawal request. In all, I received a 175 month sentence from judicially found facts under the preponderance of the evidence standard, vis-a-vis, the facts properly admitted to by my person, would have amounted to only an 87 to 108 month sentencing exposure.

    Accordingly, I therefore respectfully submit that "cause" vests under *Strickland's* analysis, where the federal reporters were replete with demonstrative case precedent on this issue. The impact of the January 12, 2005, *Booker* decision was all over the circuits at the time of my September 22, 2005, Sentencing Hearing. Prejudice vests as well in my case, where I would otherwise be serving a prison sentence within the confines of the facts properly admitted to by my person in my plea agreement, i.e., the initial 87 to 108 month sentence derived therein, from an initial sentence of 120 months, of which, Mr. Hanna also expressly told my family and myself I would be receiving. *Id*. Exhibit "A" at 2, ¶¶ 5 & 6 and Exhibit "C" at 2, ¶ 4. See also, *Glover v. United States*, 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001)(holding any additional amount of jail time manifests prejudice under *Strickland's* analysis from an attorney's failure to know the law).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: **I initially attempted to get my direct appeal rights rights reinstated, but was denied. This is because ineffective assistance of counsel claims are simply not cognizable on direct review when they entail extra-judicial evidence outside the Court record requiring an evidentiary hearing for credibility determinations and findings of fact.**

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing **Steven W. Hanna, Attorney at Law, 418 16th Street, Moline, Illinois, 61265, (309) 797-9000.**

    (b) At arraignment and plea **Steven W. Hanna, Attorney at Law, 418 16th Street, Moline, Illinois, 61265, (309) 797-9000.**

    (c) At trial **Steven W. Hanna, Attorney at Law, 418 16th Street, Moline, Illinois, 61265, (309) 797-9000.**

    (d) At sentencing **Steven W. Hanna, Attorney at Law, 418 16th Street, Moline, Illinois, 61265, (309) 797-9000.**

(e) On appeal  **Steven W. Hanna, Attorney at Law, 418 16th Street, Moline, Illinois, 61265, (309) 797-9000.**

(f) In any post-conviction proceeding  **N/A**

(g) On appeal from any adverse ruling in a post-conviction proceeding  **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:  **N/A**

    (b) Give date and length of the above sentence:  **N/A**

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐    No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

**N/A**
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

**September 29, 2006.**
(Date)

*Mario Lendos* (signature)
Signature of Movant

**Mario R. Lendos**
**Fed.Reg.No.; 13334-026**
**Federal Correctional Institution**
**1900 Simler Avenue**
**Big Spring, Texas 79720**

(7)

**PETITIONER'S EXHIBIT "A"**

**DECLARATION OF: MARIO R. LENDOS**

Mr. Mario R. Landos
Fed.Reg.No.: 13334-026
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

In Propria Persona


IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

(AT ROCK ISLAND)


| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV.NO.:_____ |
| Plaintiff/Respondent, ) | CRM.NO.: 4:04-CR-40066-MMM |
| v. ) | DECLARATION OF: |
| MARIO R. LENDOS, ) | MARIO R. LENDOS |
| Defendant/Petitioner. ) | |

I, Mario R. Lendos, do hereby declare as follows:

1. That I am the Defendant/Petitioner in the above entitled cause and action.

2. That I am over the age of 21 years.

3. That I have personal knowledge of the following facts, and if called to testify, I could and would competently testify thereto.

4. That on or about June of 2004, my family retained the services of Mr. Steven W. Hanna, Attorney at Law, 418

16th Street, Moline, Illinois, 61265, for the approximate sum of ten-thousand ($10,000.00) dollars to represent me in the above entitled cause and action.

5. That on or about May 12, 2005, Mr. Hanna presented me a document entitled: "Plea Agreement" to sign. Therein, Mr. Hanna asserted that although the Plea Agreement denoted a ten (10) year prison sentence I would be signing for, he explained that the District Court after taking into consideration all of my Base Offense Level Point reductions, I would receive a prison sentence of between eighty-seven (87) to one-hundred and eight (108) months. Mr. Hanna stated that my Base Offense Level Point reductions would be minus three (3) points for Acceptance of Responsibility and Remorse, and two (2) additional points would be reduced for a Safety Valve reduction. On that basis, I agreed to sign the Plea Agreement.

6. That I thereafter pled guilty with the understanding that I would be receiving a prison sentence of between eighty-seven (87) to one-hundred and eight (108) months.

7. That approximately three (3) days before my September 22, 2005, Sentencing Hearing, Mr. Hanna came to the county jail where I was being housed at. Mr. Hanna told me I was now being charged for Obstruction of Justice, and the Government was trying to give me twenty (20) or more years in prison. However, Mr. Hanna explained, do not worry, he was going to talk to the Government and see if they would

(2)

drop the charge. Regardless, Mr. Hanna explained that he could beat the Obstruction of Justice charge because it was no big issue, and we would have what he termed a Preliminary Hearing on the matter.

8. That just a few minutes prior to my Sentencing Hearing of on or about September 22, 2005, Mr. Hanna came back to the holding cell to see me. There, he told me that the Government did not drop the Obstruction of Justice charge, and we were going to have a Preliminary Hearing on the issue. Mr. Hanna again stated for me not to worry, in that I was assured of a sentence of between eighty-seven (87) to one-hundred and eight (108) months. He asked about my ability to testify, and I responded that I would answer all questions presented to me truthfully. However, at the end of my Preliminary Hearing, I was then sentenced to one-hundred and seventy-five (175) months. I looked to Mr. Hanna in disbelief and he just froze. The Judge then said that I had a right to appeal and that Mr. Hanna had an absolute responsibility to file a Notice of Appeal for me. Mr. Hanna just turned and walked away, however, and did not say anything.

9. That I tried for a couple of days after my September 22, 2005, Sentencing Hearing to call Mr. Hanna to find out about my direct appeal. The first day I recall was on a Friday, the day after my Sentencing Hearing. However, Mr. Hanna's phone was blocked from accepting my collect

calls. I then immediately called my Mother: Mrs. Esperanza Quintanilla, and told her to call Mr. Hanna to find out about filing my direct appeal. I told her to ask Mr. Hanna about what we could do to lower my sentence back to the eighty-seven (87) to one-hundred and eight (108) month sentencing exposure we had discussed previously. I simply felt at the time, a mistake had been made and Mr. Hanna would get the matter corrected. My Mother said she would call Mr. Hanna immediately.

10. That I also called Mr. Rafael Arostico, at around this same time frame; a couple of days after my September 22, 2005, Sentencing Hearing, and told him about my one-hundred and seventy-five (175) month sentencing mistake. I also told Mr. Arostico to call Mr. Hanna and get any information he could about what we were going to do about my direct appeal.

11. That approximately five (5) days thereafter, I talked to my Mother. She specifically told me Mr. Hanna would not do my direct appeal. I then told her to see if she could hire another attorney, but she told me she had already tried to no avail. My Mother said that another attorney would cost anywhere from thirty-thousand ($30,000.00) to fifty-thousand ($50,000.00) dollars. My Mother explained she just did not have that kind of money.

12. That but for Mr. Hanna's failure to file my direct appeal, I would have appealed my sentence to the Seventh

(4)

Circuit Court of Appeals.

13. That had I known an attorney would have been provided for me under the Criminal Justice Act without charge, I would have contacted the Court and requested counsel to file my direct appeal because of my families inability to hire another attorney.

I declare under penalty of perjury under the laws of the United States of America and pursuant to Title 28 U.S.C. Section 1746, that the foregoing is true and correct to the best of my knowledge and belief. Executed at Howard County, Texas, on this 15th day of September, 2006.

**Dated: September 15, 2006.**

*Mario Lendos* (signature)
Mario R. Lendos