IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| MARIO LENDOS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 06-4066 |

## GOVERNMENT'S MOTION TO DISMISS

COMES NOW the Respondent, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby moves to dismiss petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255. In support hereof, the government states:

### I. Procedural History[1]

On August 4, 2004, a two-count indictment was filed, charging defendant with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846, Count 1; and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), Count 2. (R.15)

---

[1] References to the District Court docket are "R.__", and "d/e___"; references to the plea transcript are to "P.Tr.__".

On May 19, 2005, a change of plea hearing was held, wherein petitioner pleaded guilty to Count 2 of the Indictment. (d/e 05/19/05) A written Plea Agreement was prepared and filed, setting forth the plea and factual basis. (R.25) The change of plea hearing was then held on May 19, 2005. (d/e 05/19/05) Pursuant to the Plea Agreement, the defendant pleaded guilty to Count 2 (Plea Agreement ¶4-5), and the government agreed to dismiss Count 1 at the time of sentencing. (Plea Agreement ¶16) In turn, the defendant waived his rights to appeal his sentence or to collaterally attack his sentence and conviction, including but not limited to his right to bring a motion under Title 28, United States Code, Section 2255. (Plea Agreement ¶10,11)

On September 22, 2005, a sentencing hearing was held. The defendant was sentenced to 175 months of imprisonment, 5 years of supervised release, and ordered to pay a $100 special assessment. (d/e 09/22/05) The Judgment was filed on September 23, 2005. (R.31)

Contrary to the Plea Agreement, the defendant filed a Notice of Appeal on December 6, 2005. (R.34) The appeal was dismissed by the Seventh Circuit Court of Appeals as untimely, by order filed on March 3, 2006. (R.41)

Although the defendant also waived his right to pursue collateral relief in paragraph 11 of the Plea Agreement (R.32), on October 6, 2006, he filed a Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. In his motion, defendant alleges ineffective assistance of counsel in two areas. He alleges his counsel failed to file a notice of appeal and was ineffective for ". . . withdrawing my Minimal Participation and Safety Valve departures at my Sentencing Hearing, in the face of unproven Obstruction of Justice charges, which were ultimately found under the preponderance of evidence standard. . . ." (Def.Motion p.5-c) The defendant makes no claim of ineffective assistance of counsel relating to the negotiation of the plea agreement itself.

On October 11, 2006, the government was ordered to respond to defendant's motion within twenty-one (21) days.

## II. Analysis

Defendant's Motion should be dismissed, as he expressly, freely and voluntarily waived his right to attack his conviction and/or sentence, both in the Plea Agreement and in open Court at the change of plea hearing. The Plea Agreement contained specific waivers of the right to appeal and to collaterally attack his conviction/sentence:

> 10. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and /or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives

the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

    11. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

(Plea Agreement ¶10,11)

Further, at the change of plea hearing, the Court questioned the defendant specifically regarding the waivers. Defendant acknowledged that he was aware of the waivers contained in the plea agreement, and freely consented to them.

> THE COURT: The bottom of page three and top of page four is a section entitled Waiver of Right of Appeal from Conviction and Sentence. In that section, you're giving up the right to file a direct appeal to the Court of Appeals in Chicago. In such an appeal, a defendant could claim that there was something unlawful or unconstitutional about the legal process that was used in the case or the sentence itself. That could even include a claim that your attorney had not effectively represented you in the case. In this paragraph, you're giving up the right to file such an appeal, with two very narrow exceptions. The first one, if the Court were to impose a sentence that beyond the maximum provided by the statute, you could appeal that. But in this case, the maximum sentence provided by the statute is life in prison, so that's not going to happen.
>
> The other thing you're reserving that is applied by case law is that you could still make a claim that your attorney did not effectively present you regarding the negotiation of this plea agreement itself. But other than that, you would have no right to challenge the sentence by direct appeal. Do you understand that?
>
> DEFENDANT: Yeah, I understand.
>
> THE COURT: Any questions at all about that?
>
> DEFENDANT: So far, no.
>
> THE COURT: Okay. And then the next paragraph, paragraph 11, that

>
> deals with a different kind of waiver. It's called Waiver of Right to Collateral Attack. That refers to a proceeding that would be filed here in the trial court. That's normally done by way of what's called a petition for writ of habeas corpus. In that kind of a proceeding, again, someone could claim that there was something unlawful or unconstitutional about either the process or the sentence. Again, that could include a claim that your attorney had not effectively represented you. In this paragraph, you're giving up the right to do that. Do you understand?

DEFENDANT:     Yes, I do.

THE COURT:     So, as a result of these waivers, the bottom line is if you plead guilty and I accept your plea and I sentence you, when you walk out of court the day you're sentenced, even if you're very unhappy with the sentence and you feel it was wrong, you would have almost no opportunity to challenge it in some other proceeding. Do you understand?

DEFENDANT:     Yes, I do.

(P.Tr.8-10)

The Seventh Circuit has recognized the validity of § 2255 waivers in plea agreements, noting that such a waiver is enforceable if it is "knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement." *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *see also Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount

a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.").

In this case, the plain language of the plea agreement and the Court's discussion of that language with the defendant establish that the defendant knowingly and voluntarily waived the right to file a § 2255 motion.

This circuit has recognized that a defendant's right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones,* 167 F.3d at 1144-5. The only potential claim that could survive defendant's waiver is that his counsel was ineffective during the negotiations of the plea agreement. At no point in his motion does the defendant assert that his counsel was ineffective in the negotiation of the plea agreement, nor could he: the defendant received substantial concessions from the government in return for the waivers, specifically, dismissal of Count I of the Indictment. Defendant never claims that he would not have entered into the plea agreement if his counsel had provided him with effective assistance, and defendant's motion contains no allegations of ineffective assistance relating to the plea agreement or waivers.

Here, Lendos does not ask the Court to set aside the plea agreement. He makes no assertions that his attorney was ineffective in the negotiation of the

plea agreement. Lends further does not allege that if his counsel had performed differently, he would have rejected the plea agreement and insisted on taking the matter to trial. Additionally, there is nothing in the record that even remotely suggests that defendant did not knowingly and voluntarily enter into the plea agreement, including the waiver provisions, or that defendant's counsel acted unreasonably when he negotiated a plea agreement that contained waiver provisions.

Defendant asserts in his motion that he should have received and was assured by his counsel that he would receive, a sentence of between 87 and 108 months of imprisonment. However, this Court specifically advised defendant of the mandatory minimum at the change of plea hearing:

> THE COURT: The Sentencing Commission has issued guidelines for judges to consider in determining the sentence in a criminal case. Those sentencing guidelines used to be mandatory – that is, a judge was required to impose a sentence within that guideline range unless there were some extraordinary circumstances. But based on recent Supreme Court cases, the present situation is that the guidelines still exist, but they're now advisory. And I will certainly look at them very carefully and consider whether or not a sentence should be within the guideline range or not, but there are other factors I will look at also that are set out in the sentencing statute.
>
> So, the bottom line is that at the time of sentence, the Court may end up imposing a sentence – depending on the circumstance – that is either above the guideline

-8-

|  |  |
|---|---|
|  | range or within the guideline range or below the guideline range. However, since there is a mandatory minimum sentence, this ten years, I cannot impose a sentence below that. |
|  | Do you understand that? |
| DEFENDANT: | Yeah, I understand that. |
| THE COURT: | So, in other words, if the guidelines were to come in lower than 120 months, I would ignore the guidelines; I would have to impose the 120 month sentence. If the guidelines came in above 120 months, then I would be looking more to the guidelines for guidance. |
|  | Do you understand? |
| DEFENDANT: | Yes, I do. |

\*     \*     \*     \*

| | |
|---|---|
| THE COURT: | Mr. Hanna, what's the best advise you've been able to give him concerning where you think the sentence is going to come in? |
| MR. HANNA: | Well, if he's at 36 points, the worst-case scenario would be 235 months. He has a three-point reduction. I would have to look in my book, but I just gave him the worst-case scenario. |
| THE COURT: | Is that correct? Have you discussed that kind of time? |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. All right. And again, at the time of sentencing – but that's certainly higher than 120 months mandatory |

>minimum. So, assuming that that is basically correct, at the time of sentencing, the Court will impose a sentence either above the range, within the range or below the range, but not below the 120 months.
>
>Do you understand?

DEFENDANT:    Yes, I do.

(P.Tr.14-16)

It is clear that defendant knew at the change of plea hearing that the minimum sentence he would receive would be 120 months, regardless of the performance of his counsel at sentencing, or any guidelines calculation.

If a defendant can compel the government to file a brief addressing the substantive merits of his § 2255 motion, despite his clear waiver of the right to file that motion in the first place, then he has not truly given up his right to launch a collateral attack.

**WHEREFORE**, because the defendant specifically waived the right to file a § 2255 motion as part of his plea agreement, the government respectfully requests

that the defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 be **DISMISSED**.

    Respectfully submitted,
Rodger A. Heaton
United States Attorney

BY:  /s/ John K. Mehochko
John K. Mehochko
Assistant United States Attorney
1830 Second Avenue, Suite 320
Rock Island, Illinois 61201
Tel.: (309) 793-5884
Fax: (309) 793-5895

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Mario R. Lendos
Reg. No. 13334-026
FCI Big Spring
Inmate Mail/Parcels
1900 Simler Avenue
Big Spring TX 79720

 /s/ John K. Mehochko
John K. Mehochko
Assistant U.S. Attorney