**E-FILED**
Thursday, 05 April, 2007  02:44:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARIO LENDOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-4066 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# O R D E R

This matter is now before the Court on Petitioner, Mario Lendos' ("Lendos"), Notice of Appeal, which the Court construes as a Motion for Certificate of Appealability from the denial of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion [#12] is DENIED, and his Application to Proceed In Forma Pauperis on Appeal [#14] is also DENIED.

### DISCUSSION

I.     <u>Certificate of Appealability</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

Lendos was attempting to collaterally attack his conviction and sentence when he ran into the procedural wall formed by the fact that his plea agreement contained a waiver of his right to bring a collateral attack on his sentence. This dilemma was compounded by

the fact that he made no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea.  However, as this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver" under  Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999), the Court proceeded to address the question of whether he knowingly and voluntarily waived his right to pursue collateral relief.

The Court found Lendos' claim to be flatly contradicted by the plain language contained in the transcript of his change of plea hearing; the lengthy explanation provided by the Court at that time was more than sufficient to remedy any deficient advice or misinformation that may have been provided by his counsel with respect to the waiver provisions.  The same dialogue also demonstrated the knowing and voluntary nature of Lendos' waiver and guilty plea.

Thus, Lendos failed to demonstrate either that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence.  Accordingly, his waiver of his right to pursue collateral relief operates to bar him from pursuing further habeas corpus relief.  United States v. Richardson, 1998 WL 388590, at *3 (E.D.La. July 9, 1998).

In considering whether a certificate of appealability should issue, the Court cannot find that Lendos has made a substantial showing of the denial of a constitutional right as no claims raised before this Court come close to presenting issues debatable among jurists of reason under the present state of the law.  Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability

for Lendos' § 2255 Motion.  Accordingly, his Motion for Certificate of Appealability [#12] is DENIED.

      II.      <u>Application to Proceed In Forma Pauperis</u>

Lendos seeks leave to proceed without payment of costs and fees on appeal.  Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

In the case at bar, Lendos was clearly barred from pursuing relief by a knowing and voluntary waiver contained in his plea agreement, and further pursuit of his claims would be an exercise in futility.  Accordingly, the Court cannot find that this appeal is being taken in good faith.  Thus, his Motion to Proceed In Forma Pauperis on Appeal [#14] is also DENIED.

ENTERED this 5th day of April, 2007.


                    s/ Michael M. Mihm
                    Michael M. Mihm
                    United States District Judge